**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff/Respondent, § | | |
| § | | |
| V. § | | CR. No. C-06-840 |
| § | | C.A. No. C-08-353 |
| LUKEN FORBES, § | | |
| Defendant/Movant. § | | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE AND
<u>ORDER DENYING CERTIFICATE OF APPEALABILITY</u>**

Pending before the Court is Luken Forbes' ("Forbes") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, with supporting memorandum. (D.E. 40, 41.)[1] Also before the Court is the government's response, which moves for the dismissal of Forbes' motion. (D.E. 49, 50.)  After seeking and receiving an extension of time to reply, Forbes filed a reply (D.E. 53), which the Court has also considered.

For the reasons set forth herein, Forbes is not entitled to relief.  Accordingly, Forbes' § 2255 motion is DENIED, and the Court also DENIES Forbes a Certificate of Appealability.

**I.  JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

---

[1] Unless otherwise noted, docket entry references are to the criminal case, Cr. No. C-06-840.

1

## II.  BACKGROUND

**A.    Facts of the Offense[2]**

On December 6, 2006, a deputy with the Brooks County, Texas Sheriff's Department conducted a traffic stop on a vehicle traveling on Highway 285 Near Falfurrias, Texas. The driver of the vehicle fled into the brush and eluded apprehension. An agent with the U.S. Border Patrol arrived on the scene and conducted an immigration inspection of the vehicle's nine occupants. Luken Forbes was identified as one of the occupants and he admitted to being a citizen of Panama.

A records check revealed that Forbes had previously been deported after being convicted of the aggravated felony and felony crime of violence of Attempted Sexual Abuse 1st Degree. For that offense, charged in Queens County Supreme Court, Kew Gardens, New York in Cause #2620-99, Forbes was sentenced to 6 months custody and five years probation. His probation was successfully discharged.

**B.    Criminal Proceedings**

On December 27, 2006, Forbes was charged in a single-count indictment with illegal reentry, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 7.) On January 30, 2007, he pleaded guilty. (See January 30, 2007 Minute Entry.) There was no written plea agreement.

The Court ordered that a Presentence Investigation Report ("PSR") be prepared. (D.E. 13.) The PSR found that Forbes' base offense level was 8. (PSR at ¶ 10.) It added

---

[2]  Unless otherwise noted, the facts of the offense as set forth herein are derived from Paragraphs 4 and 5 of the Presentence Investigation Report ("PSR").

16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A), because Forbes had previously been deported after a criminal conviction for a felony crime of violence. (PSR at ¶ 11.) With a three-level adjustment for acceptance of responsibility, his total offense level was 21. (PSR at ¶ 16-19.) This level, when coupled with his criminal history category of V (PSR at ¶¶ 28), resulted in an advisory guideline range for the offense of was 70 to 87 months. (PSR at ¶ 46.)

Forbes, by and through his appointed counsel, Assistant Federal Public Defender Jason Libby, filed objections to the PSR, and the United States responded. (D.E. 15, 16.) Specifically, Forbes objected to the assessment of criminal history points for four convictions on the grounds that there was not acceptable evidentiary evidence sufficient to establish the convictions.

On April 13, 2007, the Court heard argument regarding Forbes' objections, but ultimately overruled them. (See D.E. 33, Sentencing Transcript ("S. Tr.") at 2-24.) The Court sentenced Forbes to the middle of the advisory guideline range, i.e., 78 months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term, and also imposed a $100 special assessment. (S. Tr. at 29; D.E. 25, 27.) Judgment was entered against him on April 19, 2007. (D.E. 27.)

Forbes timely appealed. (D.E. 24, 26.) On appeal, Forbes raised arguments that were foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Accordingly, the Fifth Circuit granted Forbes' motion for summary disposition and affirmed the judgment

of this Court. (See D.E. 36.) On October 29, 2007, the Supreme Court denied Forbes' petition for a writ of certiorari. (D.E. 38.)

Forbes' § 2255 motion and supporting memorandum were received by the Clerk on October 31, 2008, but his motion was dated, signed and enclosed in an envelope postmarked October 29, 2008, and is presumed filed as of the earlier date.[3] (D.E. 40, 41.) His motion is timely.

### III. MOVANT'S ALLEGATIONS

Forbes' § 2255 motion lists two grounds for relief. In his first ground, Forbes claims that his Sixth Amendment right to assistance of counsel was violated because he was not "apprised" of his right to contact his consulate provided by Article 36 of the Vienna Convention on Consular Relations ("the Vienna Convention"). (D.E. 40 at 4; D.E. 41 at 3-11.) The Vienna Convention is a 79-article treaty that was ratified by the United States in 1969. Article 36 of the treaty provides that a consular officer of a signatory state shall have the right to visit one of its citizens who has been detained in another signatory state in order "to converse and correspond with him and to arrange for his legal representation," and also requires the detaining state to inform the person concerned about his rights "without delay." See generally Cardenas v. Dretke, 405 F.3d 244, 251 (5th Cir. 2005).

---

[3] Houston v. Lack, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings); Rule 3(d), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2008) (§ 2255 motion is deemed timely if inmate deposits it in the institution's internal mailing system on or before the last day for filing).

4

Forbes claims that he advised his counsel, AFPD Libby, that he wanted to contact a consular from his country to help him argue that he should not be deported because he was entitled to "political asylum." (D.E. 41 at 4-5.) According to Forbes, Libby told him that the argument was frivolous. In his § 2255 memorandum, Forbes insists that his claim for political asylum is a viable argument.

Forbes titles his second ground for relief as one that his sentencing and appellate counsel were constitutionally ineffective because they failed "to offer the disparity among defendant's [sic]." (D.E. 40 at 5; D.E. 41 at 11-18.) In the section of his supporting memorandum addressing this claim, Forbes sets forth various established statements of the law regarding Booker, what claims may be considered in collateral review, and procedural default. (See D.E. 41 at 11-14.) He also discusses the general standards governing ineffective assistance claims. (D.E. 41 at 14-15.) The substance of his argument, however, appears to be that he was sentenced more harshly than other defendants who were either joint petitioners in seeking a writ of certiorari from the Supreme Court or were indicted on the same day. (D.E. 53 at 2.) He claims that all of the individuals he lists received a sentence "much lower" than Forbes and "not in harmony with each other." (D.E. 53 at 2.) He points to one defendant, in particular, who had a criminal history category of IV and whose sentencing range was only 37 to 46 months. (D.E. 41 at 16.) He argues that his counsel was ineffective for failing to challenge this disparity in sentencing, both at sentencing and on appeal.

In its response, the United States contends that both of Forbes' claims are subject to dismissal. The United States argues that Forbes' first claim is procedurally barred from consideration since he did not raise it on appeal and has not shown either actual innocence or cause and prejudice for failing to previously raise this claim. (D.E. 49 at 8-9.) It further argues that, even if it were properly before the Court, Forbes' claim does not entitle him to relief because the Vienna Convention does not confer any private, judicially-enforceable right to consult with consular officials. (D.E. 49 at 9-11.)

As to Forbes' second claim, the United States claims that there was no basis for making a claim of sentencing disparity, and thus counsel was not deficient and Forbes has failed to show prejudice. (D.E. 49 at 11-13.)

In his reply, Forbes again reiterates his claims and provides additional argument in support of them. As to his claim under the Vienna Treaty, Forbes cites to two Supreme Court decisions that he claims support his ground for relief, neither of which were cited by the United States: <u>Medellin v. Texas</u>, ___ U.S. ___, 128 S. Ct. 1346 (2008) and <u>Sanchez-Llama v. Oregon</u>, 548 U.S. 331 (2006).

## IV.  ANALYSIS

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise

subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

**B.     Procedural Bar**

Where a defendant fails to raise an issue in his criminal proceedings, that issue is procedurally barred from consideration in § 2255 proceedings. See United States v. Lopez, 248 F.3d 427, 433 (5th Cir. 2001); United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000). A district court may consider a defaulted claim only if the petitioner can demonstrate either (1) cause for his default and actual prejudice; or (2) that he is actually innocent of the crime charged. Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Jones, 172 F.3d 381, 384 (5th Cir. 1999).

To the extent that Forbes' claim regarding the Vienna Convention can be construed as a direct claim that his rights were violated, that claim is procedurally barred from consideration here. See Sanchez-Llamas, 548 U.S. 331, 359 (2006) (holding that "claims under Article 36 of the Vienna Convention may be subjected to the same procedural default rules that apply generally to other federal-law claims"); see also Cardenas v. Dretke, 405 F.3d 244, 253 (5th Cir. 2005) (Vienna Convention claims, like Constitutional claims, are subject to the habeas procedural default rules). It does not appear that he raised it on appeal

or at any other point prior to his § 2255 motion, and he has not alleged or demonstrated either "cause and prejudice" or "actual innocence" in order to overcome the procedural bar. Even if the claim were properly a part of these proceedings, however, it does not entitle him to relief, as discussed infra at Section II.C.2.

To the extent his Vienna Convention claim is properly construed as a claim that his counsel was ineffective for failing to refer him to his consulate or for failing to challenge any alleged violation of the Treaty, that claim, like his claim of ineffective assistance of counsel at sentencing and on appeal, is not procedurally barred. An ineffective assistance of counsel is properly made for the first time in a § 2255 motion because it raises an issue of constitutional magnitude and generally cannot be raised on direct appeal. United States v. Bass, 310 F.3d 321, 325 (5th Cir. 2002); United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992). Thus, the Court addresses the merits of Forbes' ineffective assistance claims.

**C.    Ineffective Assistance of Counsel**

**1.    General Standards**

An ineffective assistance of counsel claim is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient

performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

### 2. Counsel's Alleged Failure to Inform Forbes Of His Vienna Convention Rights Or To Challenge A Violation of Them.

In his first claim for relief, Forbes alleges that counsel was constitutionally ineffective because he did not inform Forbes that he had a viable claim for "political asylum" and a right to consular assistance. (D.E. 41 at 1.) As an initial matter, it is not clear that Forbes has any individual right to enforce the obligations set forth in the Vienna treaty. The two Supreme Court cases on which Forbes relies both expressly decline to decide the issue, although both assume that the Vienna Treaty provides an individually enforceable right to foreign nationals. See Medellin v. Texas, 128 S. Ct. 1346, 1357, n.4 (2008) (It is "unnecessary to resolve" whether the Vienna Convention "grants Medellin individually enforceable rights. As in Sanchez-Llamas, 548 U.S. at 342-43, 126 S. Ct. 2669, we thus assume, without deciding, that Article 36 grants foreign nationals 'an individually enforceable right to request that their consular officers be notified of their detention, and an accompanying right to be informed

9

by authorities of the availability of consular notification.'"); see also Sanchez-Llamas, 548 U.S. 331, 342-43 (2006).

Prior to those two decisions, the Fifth Circuit had clearly stated that until the Supreme Court or an *en banc* Fifth Circuit concluded otherwise, the Fifth Circuit's conclusion that the Vienna Convention does not confer individually-enforceable rights remained good law. Cardenas v. Dretke, 405 F.3d 244, 253 (5th Cir. 2005) (citing United States v. Jimenez-Nava, 243 F.3d 192, 198 (5th Cir. 2001)). Thus, given that neither Medellin nor Sanchez-Llamas held to the contrary (but only assumed the contrary), the binding authority in this Circuit appears to remain the same, i.e., that there is no such individually enforceable right.

Without an individually enforceable right, it is unclear what counsel should have done differently or what difference any action by counsel would have made.

Moreover, even assuming there is an individually enforceable right and that Forbes could assert an ineffective assistance claim because counsel failed to ensure Forbes was advised of his right to contact the Panamanian consulate, Forbes has wholly failed to show that he suffered any prejudice as a result. See Rosales v. Bureau of Immigration and Customs, 426 F.3d 733, 737-38 (5th Cir. 2005), cert denied, 126 S. Ct. 1055 (2006) (regardless of whether's petitioner's right under the Vienna Convention are protected under the United States Constitution, petitioner was not entitled to any relief because he had not shown that assistance from his consulate would have changed the result of his deportation proceedings).

Whether couched as a direct claim under the Vienna Convention or an ineffective assistance of counsel claim, Forbes' only allegation of prejudice is that a consulate from his country could have investigated and helped Forbes argue that he should not be deported back to Panama, but instead should be allowed to stay in the United States based on "political asylum." (D.E. 41 at 5.) He offers no evidence as to what any investigation would have revealed or why any request for political asylum would have been successful. Moreover, it is notable that the Presentence Investigation Report in this case recites that Forbes previously filed an application for asylum with the immigration authorities, prior to his deportation, and that application was denied. (PSR at ¶ 29.) Forbes presents no evidence to suggest that the result of any subsequent request for asylum would be different.

In short, Forbes cannot show any prejudice as a result of any violation of the Vienna Convention or counsel's failure to object to any violation. This claim is therefore DENIED.

### 3.     Counsel's Alleged Failure to Challenge The Sentencing Disparity

In his second ground for relief, Forbes complains that he was denied effective assistance of counsel at sentencing and on appeal because counsel failed to argue that his sentence was higher than other defendants convicted of the same offense.

As an initial matter, to the extent that Forbes' advisory guideline range was higher than other defendants with lower criminal history categories (as in the only example Forbes gives with any specificity, see D.E. 41 at 16), that fact is simply the result of the structure of the sentencing guidelines. That is, the guidelines determine an advisory guideline range for each defendant based on both offense level (which includes various characteristics of the

offense) and criminal history. The higher a defendant's criminal history, the higher his guideline range will be for the same offense level. In Forbes' case, his past crimes included not only a conviction for Attempted Sexual Abuse in the 1st degree, with a ten-year old victim, but also scorable offenses for failing to register and verify a change of address as a sex offender, two convictions for petit larceny, criminal trespass, and assault in the third degree. These gave rise to his criminal history category of V. His PSR also contained records of other arrests and an unscored offense.

Additionally, while determining Forbes' sentence, the Court was aware of its obligation to take into account the need to avoid sentencing disparities among similarly-situated defendants pursuant to 18 U.S.C. § 3553(a). Indeed, the Court expressly referenced that need for consistency when explaining why it elected to impose a sentence in the middle of Forbes' advisory guideline range. The Court expressed its reasons for imposing a 78-month sentence as follows:

> ... The Court recognizes, frankly, that 70 months is not an unreasonable sentence, neither is 87 months, that that range of sentence is given for this type of offense consistently throughout the courts of the United States; but what's important to the Court in looking at this case and in sentencing the defendant within the guidelines is A, consistency, B, the findings that the Court has made with respect to the guidelines and use of the guidelines to obtain consistency. But I look at the record of the defendant and find that when he has been here he has committed some serious offenses, serious [scorable][4] offenses that are offenses of

---

[4] The transcript uses the word "scorebook" rather than scorable. The Court has listened to the digital recording of the sentencing and concludes that the word spoken by the Court was scorable. (Digital Recording of April 13, 2007 Sentencing at 3:01:03-3:01:04.)

12

>violence, and that's number 24 and number 26, and indeed having received a sentence that imposes certain responsibilities on him with respect to registration for sex offenses, he did not do that. That is to say, he did not register as ordered. So the Court finds the defendant is a danger to the public by his behavior, he's a danger to the public when he's here, likely a danger to the public in Panama when he's there, he has had a life of crime, and so the defendant needs to be placed in a circumstance where he cannot hurt others. He knew that when he came back here his crime would result in serious and significant punishment, and so it has, so that the circumstances of this offense and the circumstances of the defendant's own past misbehaviors lead the Court to choose a sentence as it has.

(S. Tr. at 29-30.)

Because it is clear that the Court took into account the need for consistency, and gave ample rationale for the sentence imposed on Forbes, any challenge based on a disparity between Forbes' sentence and other defendants' sentence would have been meritless, either at sentencing or on appeal. Thus, Forbes has failed to show ineffective assistance of counsel. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

For all of the foregoing reasons, Forbes' claims do not entitle him to relief and his § 2255 motion (D.E. 40) is therefore DENIED.

### D.     Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28

U.S.C. § 2253(c)(1)(A). Although Forbes has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

The Court concludes that reasonable jurists could not debate the denial of Forbes' § 2255 motion on substantive grounds nor find that the issues presented are adequate to

deserve encouragement to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484). Forbes is not entitled to a COA as to his claims.

## V. CONCLUSION

For the aforementioned reasons, Forbes' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 40) is DENIED. Additionally, Forbes is DENIED a Certificate of Appealability.

It is so ORDERED this 3rd day of July, 2009.

_____
HAYDEN HEAD
CHIEF JUDGE